IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-30166
Summary Calendar
_____


KEVIN GUILBEAUX,

                                        Plaintiff-Appellant,

                          versus

WILRIG USA, INC.,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court for the
Western District of Louisiana
(94-CV-234)

_____
September 12, 1996
Before GARWOOD, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     In this Jones Act negligence case, Kevin Guilbeaux alleges

that he injured his foot with a "waterblaster" (a high pressure

sprayer used to chip paint), while working for Wilrig (USA), Inc.

On appeal, Guilbeaux contends that the trial court abused its

discretion when (1) it found that Guilbeaux was 85 percent at fault

in causing the injury to his foot, and (2) it determined that

_____

     [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Guilbeaux was not entitled to any damages for loss of future earning capacity.  We find no error in the district court's decision, and therefore affirm.

I

This case was tried before the district court, sitting without a jury.  The court found that Guilbeaux, a roustabout on a vessel owned and operated by Wilrig, sustained an injury to his foot when he allowed a jet of high pressure water from the waterblaster to hit his foot as he was trying to take the slack out of a hose that had allegedly wound around something on the deck.  The district court found that Guilbeaux had sustained $227,908 in damages.  It further found that the accident was caused by the combined negligence of Wilrig (the employer) and Guilbeaux, and assigned 85 percent of the fault to Guilbeaux, and 15 percent to Wilrig.[1]

---

[1]The district court dismissed Guilbeaux's claims against the manufacturer of the waterblaster, Allwaste Oilfield Services Inc., holding that Guilbeaux had only presented "speculative reasons as to why they should be held liable in this particular case." Although Guilbeaux's notice of appeal states generally that he appeals "from the judgement entered in this action," he does not brief the dismissal of Allwaste as an issue on appeal.  We therefore consider only the district court's decisions to apportion fault between Guilbeaux and Wilrig, and to deny future damages. See Fed.R.App.P. 28(a)(5) ("The argument must contain the contentions of the appellant on the issues presented, and the reasons therefor"); see also Patterson v. P.H.P. Healthcare Corp., No. 95-319, slip op. at 4838 n.3 (5th Cir. July 25, 1996) (refusing to consider propriety of district court's order concerning issues not raised on appeal).

In our review of the district court's determination of negligence in this admiralty action we may not set aside the findings of fact, including damage awards, unless they are clearly erroneous. Nichols v. Petroleum Helicopters, Inc., 17 F.3d 119, 121 (5th Cir. 1994); Graham v. Milky Way Barge, Inc., 824 F.2d 376, 388, reh'g denied, 832 F.2d 1264 (5th Cir. 1987). "Mere disagreement with the district court's analysis of the record is insufficient, and we will not reverse unless `although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed.'" Graham, 824 F.2d at 388 (citing United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948), reh'g denied, 333 U.S. 869, 68 S.Ct. 788, 92 L.Ed. 1147). "No greater scope of review is exercised by the appellate tribunals in admiralty cases than they exercise under Rule 52(a) of the Federal Rules of Civil Procedure." Trautman v. Buck Steber, Inc., 693 F.2d 440, 442 (5th Cir. 1982) (citing McAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 7, 99 L.Ed. 20 (1954). Under Rule 52(a), "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Fed.R.Civ.P. 52(a).

We have reviewed the proceedings below, and find no clear error in the district court's apportionment of fault in this case. The record amply supports the district court's conclusion that Guilbeaux was responsible for 85 percent of the fault in this case. Although the district court held that Wilrig should have done more to explain the danger of the waterblaster, its conclusions that "there is a great deal of fault on the part of Mr. Guilbeaux in not at least using two hands which would have prevented this accident," and that Guilbeaux "could have prevented this accident [by] simply being a little more cautious," are not clearly erroneous, and support the district court's apportionment of fault between the parties. Likewise, there is ample support in the record for the district court's conclusion that Guilbeaux was not entitled to any damages for loss of future earning capacity. The district court properly placed great emphasis on the testimony of Guilbeaux's own doctor--the only doctor to testify--who testified that Guilbeaux's disability was slight, and that Guilbeaux could return to the type of work he was performing before his injury. His decision not to grant any award for future wage loss or impairment was not clearly erroneous.

## II

In the light of the foregoing, the judgment of the district court is therefore

A F F I R M E D.